IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JAMIE LAIQUAN FRAZIER,

                    Plaintiff

      VS.

JEFF LASSETER, *et al.*,

                    Defendants

NO. 5:06-CV-131 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983**
**BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Defendants JEFF LASSETER and JERRY MODENA herein have filed motions seeking summary judgment against the plaintiff in the above-styled action. Tabs #16 and #26. Attached to their motions are supporting documentation, exhibits, and briefs. After being advised of his right to do so, plaintiff JAMIE LAIQUAN FRAZIER has filed responses to the defendants' motions. Tabs #20 and #29.

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* ***Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. ***Hairston v. The Gainesville Sun Publishing Co.***, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. ***Welch v. Celotex Corp.***, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. ***Clark v. Coats & Clark, Inc***., 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. ***Anderson v. Liberty Lobby, Inc***., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

## FACTS

On January 1, 2004, plaintiff FRAZIER was arrested and charged with felony theft of an automobile and three misdemeanors: driving without a license, failure to maintain lane, and having no proof of insurance. Plaintiff avers that he had borrowed the car from a person residing in Panama City, Florida. The plaintiff explained the situation to an investigator who was trying to help the Panama City, Florida officials locate the car' plaintiff requested to be transferred to Panama City so that the theft charge might be addressed. However, Plaintiff maintains that Bibb County Sheriff Modena and defendant Lasseter, an Assistant District Attorney, forced him to remain in jail in Bibb Country for six months before the theft charges were eventually dropped. The theft of an automobile charge was dropped on February 14, 2004, due to lack of prosecutorial merit, but the three misdemeanor counts remained, to be prosecuted in the State Court of Bibb County. The plaintiff claims that the defendants violated his constitutional rights as he was "falsely imprisoned" for six months. However, these misdemeanors were not further prosecuted, and plaintiff Frazier was released from the Bibb County Jail on **April 15, 2004**, to authorities in Dougherty County, Georgia. *See* Affidavit of Jeff Lassiter, Tab #16, Exhibit 5, ¶4.

## DISCUSSION

Defendants Lasseter and Modena have both asserted that the instant case is barred by the statute of limitation.[2] The undersigned agrees.

> Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983 . Federal law determines when the statute of limitations begins to run. Generally, the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.
> ***Lovett v. Ray***, 327 F. 3d 1181 (11th Cir. 2003) (internal citations omitted).

---

[2] Defendant Lasseter also assert defenses of prosecutorial immunity and states that he has not been properly made a party to the action. Defendant Modena has asserted the defenses of qualified immunity and Eleventh Amendment immunity. While some of these defenses may have merit, since the action has been barred by the statute of limitation, this Recommendation will not discuss the other possible defenses.

In unlawful imprisonment cases, the statute of limitations does not begin to run until the plaintiff is released from custody. *Collier v. Evans*, 406 S.E.2d 90, 92 (Ga. App. 1991). In the instant case, the felony charge of theft of an automobile was dismissed in February of 2004. However, plaintiff FRAZIER was not released from the custody of defendant Sheriff Modena (on remaining misdemeanor charges) until April 15, 2004. The instant case was filed herein on April 19, 2006, two years and four days after plaintiff was released from custody.[3]

Accordingly, IT IS RECOMMENDED that the defendants' motions for summary judgment be GRANTED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 12th day of FEBRUARY, 2007.[4]



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] The defendant contends that he was not released from custody, but rather transferred into the custody of Florida authorities. The fact remains that the last date on which any defendant in this case had custody of the plaintiff or was responsible for the plaintiff's incarceration was April 15, 2004.

[4] The court also notes that plaintiff's original complaint and motion to proceed *in forma pauperis* were not signed by him. Thus, he may not be properly before the court for consideration of any of his claims.