IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMIE LAIQUAN FRAZIER, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: |
| | : | 5:06-cv-131 (CAR) |
| vs. | : | |
| | : | |
| BIBB COUNTY SHERIFF'S DEPT.; | : | |
| CITY OF MACON; BIBB COUNTY | : | |
| SHERIFF JERRY MODENA; and | : | |
| JEFF LASSETER, | : | |
| | : | |
| Defendants. | : | |

## *ORDER ON THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*

Before the Court is the United States Magistrate Judge's Recommendation (doc. 35) to grant the Motions for Summary Judgment filed by Defendants Jeff Lasseter (doc. 16) and Jerry Modena (doc. 26). Plaintiff filed an Objection to the Magistrate Judge's Recommendation (doc. 37).

The relevant facts of this case are set forth in the Magistrate Judge's Recommendation (doc. 35, at 3). In his Recommendation, the Magistrate Judge concluded that, because Plaintiff was released from Defendant Modena's custody on April 15, 2004, and Plaintiff did not file the instant false-imprisonment action until April 19, 2006, Plaintiff's action was barred by the two year statute of limitations period for false imprisonment cases. *See* **Lovett v. Ray**, 327 F.3d 1181, 1182 (11th Cir. 2003) ("Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983."); *see also* O.C.G.A. § 9-3-33. Plaintiff objects to the Magistrate Judge's findings, arguing that his case is not barred by the statute of limitations because the two-year limitations period did not begin to run until "June or the first part of July 2004," i.e., when he was released from the custody of Florida authorities. (Pl.'s Objec., doc. 37, at 3.)

1

Having carefully considered the parties' briefs, the United States Magistrate Judge's Report and Recommendation, and Plaintiff's Objection thereto, the Court agrees with the Recommendation, and finds that the applicable limitations period began to run—at the very latest—on the last date on which any defendant in this case had custody of Plaintiff or was responsible for Plaintiff's incarceration, which was April 15, 2004.[1] By that time Plaintiff knew, or should have known, all of the facts necessary to pursue his claim against Defendants. *See* **Lovett**, 327 F.3d at 1182 (under federal law, the statute of limitations begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights") (internal citations and quotations omitted). Accordingly, the Recommendation that the Motions for Summary Judgment filed by Defendants Jeff Lasseter (doc. 16) and Jerry Modena (doc. 26) be **GRANTED** is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**.

**SO ORDERED**, this 28th day of March, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

JAB/aeg

---

[1] In reality, the statute of limitations for Plaintiff's false-imprisonment claim likely began running much earlier than his release date. As the Supreme Court recently observed in **Wallace v. Kato**, 127 S.Ct. 1091, 1096 (2007), because the tort of "false imprisonment consists of detention without legal process," in a false-imprisonment case filed pursuant to § 1983, the statute of limitations begins to run "when the alleged false imprisonment ends," which is the date on which the plaintiff becomes held pursuant to legal process. *Id.* This typically occurs "when, for example, [the plaintiff] is bound over by a magistrate or arraigned on charges." *Id.* Because the record in this case is unclear as to when Plaintiff was afforded legal process while incarcerated at the Bibb County Law Enforcement Center, the Court relies on his release date—April 15, 2004—as the date on which the applicable limitations period began running in this case.